Dear Sir:
This office is in receipt of your opinion request wherein you posed the following question, "Can surplus from the pretrial diversion program be transferred to the City general fund?"
In your request you cited Louisiana Revised Statute 16:17 E which gives authority to district attorneys to collect fees from participants in pretrial diversionary programs for the purposes of supporting the diversionary program or to maintain and support victim assistance program. Although the city attorney's power is derived from that of the district attorney, not all statutes, which are applicable to the district attorney, apply to city attorneys.
The question to be decided by this opinion will be determined by the construction of the city charter for the City of Monroe. In the city charter it makes reference to revenues collected by the city council. Under section 4-03 of the charter, the director of administration is responsible for collection and custody of all monies of the city from whatever source. Furthermore, the director is also responsible for the investment of all idle city funds, as permitted by law, so as to receive the maximum rate of return.
The request, by the city attorney of Monroe, for this opinion indicates that the City of Monroe did not view pretrial diversionary program as a source of revenue for the city. Therefore, the director of administration could not collect the revenues, which were deemed a surplus, by the city attorney's office. Furthermore, the director still may not assume control over the money through the provision, which requires the director to invest all idle city funds for the maximum rate of return. This is so because the monies, which have been deemed surplus, have not been moved to the control of the city for investment purposes.
The city charter also makes reference to appropriations. Under section 5-04 Amendments to Operating Budget, the mayor has the ability to transfer appropriations at any time during the fiscal year provided the funds have not been encumbered. However, the charter does not grant any authority to the mayor to take monies, which are the result of a surplus, and apply them to the City general fund.
Therefore, it is the opinion of this office that the surplus of monies which has resulted from the operation of the pretrial diversionary program may not be moved to the City general fund.
I hope that this letter has fully answered any questions you may have had regarding this issue. If I can ever be of any further assistance, please do not hesitate to call upon me at your convenience. Until then, I am
Sincerely yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 ___________________________ MARTY L. WHITE Assistant Attorney General